UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

THE UNITED STATES OF AMERICA,

- against -

OBIOMA IWOBI,

Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

23 Cr. 641 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The defendant, Obioma Iwobi ("Iwobi" or "defendant"), filed a letter motion on July 28, 2025 seeking bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1). ECF No. 45 ("Bail Mot."). The Government, via letter dated July 30, 2025, ECF No. 46 ("Govt. Opp."), opposes the defendant's motion.

The Court limits its response to only one of the criteria for the granting of such a request, as it is alone sufficient to deny the application. Specifically, a defendant seeking bail pending appeal must establish by clear and convincing evidence that the appeal "raises a substantial question of law or fact likely to result in reversal" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).

To briefly offer some context, Iwobi was charged with wire fraud conspiracy and aggravated identity theft in October 2022.

ECF No. 34 ("PSR") ¶ 7.  Supporting this charge, Iwobi and his coconspirators undertook a scheme to obtain retirees' personal identifying information, open "straw" bank accounts in the names of unwitting "straw" account holders, and contact the Department of State to request that the depositing account information for the retirees be changed so that annuity payments would be deposited into the "straw" accounts.  ECF No. 38 at 1.  Once the funds funds were deposited in the "Straw" accounts, Iwobi withdrew the money, ultimately retaining $535,643.83 in stolen funds from hundreds of victims over the course of three years from 2019 to 2021.  Id.  In December 2022, Iwobi pled guilty to Count One of the Information, charging him with wire fraud conspiracy, in violation of Title 18 U.S.C. § 1349.  PSR ¶ 8.  On March 8, 2023, Iwobi was sentenced by Judge Ramos of this Court to a term of imprisonment of a year and a day, well below the plea agreement's stipulated guidelines range of 41 to 51 months.  Id. ¶ 13; United States v. Obioma Iwobi, 22 CR 652 (ER).

Critically for the instant motion, two days before Iwobi's sentencing, the defendant submitted "a letter from a Nigerian orphanage and from a sports organization that Mr. Iwobi assisted greatly over the years, [and] a letter from the PSA Plano (TX) Soccer Coach, where Mr. Iwobi has served as an Assistant Coach for

the last two years, together with some pictures from the orphanage showing the orphanage appreciation for his contribution and pictures of the kids he coaches in Plano Texas." Id. ¶ 10. The letter from "Coach Marvin Johnson" described how "Coach Obie as we call him" had assisted the team for two years and had conducted drills with the team. Id. It asked that the court "allow him to make amends by continuing to sow into the boys he coaches" [sic]. Id. The letter from Care for the Child Orphanage Home in Owerri, Nigeria claimed that Iwobi had been a patron for 10 years. Id.

However, based on an investigation by federal authorities, agents learned that (1) Iwobi had never coached the soccer team; (2) there was no "Marvin Johnson" who coached the Plano Sports Authority boys' soccer team; (3) the letterhead on which Iwobi's letters were written was fabricated, as Plano Sports Authority has no official letterhead; and (4) no coach who actually worked at Plano Sports Authority had written a letter for the defendant. Id. ¶ 14. Similarly, agents determined that Iwobi's "Care for the Child Orphanage" letter was also fake, as there were significant questions as to whether the orphanage actually existed. Id. ¶ 15.

For submitting these fabricated letters in an attempt to influence his sentence, Iwobi was charged in December 2023 with obstruction of justice in violation of 18 U.S.C. § 1512(c). Id.

¶ 16. This new action against Iwobi was assigned to this Court. In October 2024, Iwobi pled guilty to obstruction of justice, and he was sentenced on February 25, 2025 to a term of incarceration of fifteen months. ECF No. 39 (Judgment") at 2. Iwobi now appeals that sentence.

On appeal, Iwobi essentially makes two arguments. First, relying on the fact that Judge Ramos did not check the box on the Statement of Reasons form the box for "charitable works," Iwobi argues that the letters did not factor into the much below Guidelines sentence imposed by Judge Ramos. United States v. Iwobi, 25-557-cr (2d Cir. 2025), ECF No. 16.1 at 26-35; see also Bail Mot. at 1-4. Defendant, however, fails to reference Judge Ramos's statement on the record, which clearly refers to the false letters at issue. Specifically, Judge Ramos stated: "I read the letters that were submitted also very carefully, and not only did they paint a very different picture of the individual that's standing before me, he is a person very committed not only to his family and to his children, but to his community. And he is engaged in charitable works, the sincerity of which is not contested." PSR ¶ 11 (quoting Def. Sentencing Exhibits of March 6, 2023, at 22 Cr. 652 (ER), Dkt. 18-1 at 16:12-17:11).

Reliance on the check box form rather than the sentencing

judge's statement on the record of this case borders on the frivolous.

Iwobi's second argument is related to the first. United States v. Iwobi, 25-557-cr (2d Cir. 2025), ECF No. 16.1 at 21-26; see also Bail Mot. at 1-4. Iwobi contends that this Court erred in finding that an enhancement provided for in Section 2J1.2(b)(2) of the Guidelines, which states that the "Specific Offense Characteristics" for an "offence [that] resulted in substantial interference with the administration of justice" will increase a defendant's base offense level "by 3 levels."

As this Court noted during sentencing, the Guidelines dispute did not impact the sentence imposed, as the sentence imposed was in the middle of the range that would have been applicable if the defendant's Guidelines argument was accepted, and it was three months below the Guidelines range calculated by Probation and adopted by the Government.sss[1] This Court has no doubt now, as it had no doubt then, that the submission of false letters to a court in connection with a sentencing proceeding results "in

[1] Probation calculated the applicable Guidelines as 18 to 24 months' imprisonment, based on an offense level of 14 and a criminal history category of II. PSR ¶ 21. The calculation included a three-level enhancement to the offense level because the offense resulted in "substantial interference with the administration of justice," namely a "judicial determination based upon . . . false evidence." Id. (quoting U.S.S.G. § 2J1.2(b)(2) and cmt. n. 1). At sentencing, the defendant advocated for a Guidelines range of 12 to 18 months' imprisonment. ECF No. 35 at 5-8.

substantial interference with the administration of justice" when there can be no meaningful dispute that the letters had an impact on the sentencing court.

**CONCLUSION**

For the reasons stated above, the defendant's letter motion for bail pending appeal is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 45 and to mail a copy of this decision to Obioma Iwobi (No. 34448-510) at Federal Correctional Institution Beaumont Low, P.O. Box 26020, Beaumont, TX 77720.

Dated: August 5, 2025
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE